```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF NEW YORK

------------------------------X
                              :
UNITED STATES OF AMERICA,     :
                              :    94-CR-1238 (RJD)
        v.                    :
                              :    September 10, 1998
GIUSEPPE SPATOLA,             :
                              :    Brooklyn, New York
              Defendant.      :
                              :
------------------------------X


        TRANSCRIPT OF CRIMINAL CAUSE FOR SENTENCING
          BEFORE THE HONORABLE RAYMOND J. DEARIE
              UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:        BENTON J. CAMPBELL, ESQ.
                           UNITED STATES ATTORNEY
                           BY: ELIZABETH LESSER, ESQ.
                           ASSISTANT U.S. ATTORNEY
                           225 Cadman Plaza East
                           Brooklyn, New York  11201



For the Defendant:         DAVID SECULAR, ESQ.




Audio Operator:


Court Transcriber:         ARIA TRANSCRIPTIONS
                           c/o Elizabeth Barron
                           31 Terrace Drive, 1st Floor
                           Nyack, New York 10960
                           (215) 767-7700



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

1            THE CLERK:  United States of America verus
2    Giuseppe Spatola, docket number 94-CR-1238.  Counsel, state
3    your appearances for the government.
4            MS. LESSER:  Elizabeth Lesser on behalf of the
5    government.  Good afternoon, your Honor.
6            MR. SECULAR:  For Mr. Spatola, David Secular.
7    Good afternoon, Judge.
8            THE COURT:  Good afternoon.  Are you ready to
9    proceed?
10           MR. SECULAR:  Yes.
11           THE COURT:  Mr. Spatola, good morning, sir, or
12   good afternoon.
13           THE DEFENDANT:  Good afternoon.
14           THE COURT:  It seems almost silly to ask these
15   questions, but for the sake of the record, going back now
16   almost two and a half years since the original plea was
17   offered, have you had adequate time to confer with counsel
18   and prepare for sentencing here this afternoon?
19           THE DEFENDANT:  Yes.
20           THE COURT:  You'll be given an opportunity to
21   address the Court before the imposition of sentence.  You
22   should feel free at that time to bring up anything you think
23   I should know concerning the matter before me.
24           Have you carefully read the presentence report?
25           THE DEFENDANT:  Yes.

1           THE COURT:  I had so many documents in the file
2    that I want to make absolutely certain that I haven't
3    overlooked anything that might in any way relate to
4    sentencing.
5           Is there anything in particular that you'd like to
6    draw my attention to?  If not, I'll turn it over to you, Mr.
7    Secular.
8           MR. SECULAR:  Nothing in particular at this time,
9    your Honor.  I would just like to make a few comments.  As
10   the Court is even more aware than I am, this case has had
11   quite a lengthy history and Mr. Spatola has been represented
12   by several different attorneys.
13          He's had grave concern through the past two and a
14   half years as to issues of the way in which he was being
15   represented, and I know the Court is aware of the various
16   pro se submissions and submissions that I submitted to the
17   Court that were filed in connection with the possibility of
18   Mr. Spatola withdrawing his plea.
19          THE COURT:  Right.
20          MR. SECULAR:  Mr. Spatola and I, however, have had
21   numerous discussions about his situation.  And after having
22   these discussions and in fact, after addressing some of the
23   issues that Mr. Spatola was concerned about with the
24   government and following up on some of those concerns with
25   actual additional proffer sessions with the government, Mr.

```
 1  Spatola has come to the conclusion during my representing
 2  him that he no longer wishes to seek the withdrawal of his
 3  plea, that he wishes to stand by the plea agreement and is
 4  ready for sentence finally at this time.
 5           THE COURT:  I appreciate that.  I have your letter
 6  to the Court of March 26th, 1998, formally advising me to
 7  that effect.  Okay.  Are there any quarrels with the report
 8  itself or with the guidelines calculations?
 9           MS. LESSER:  Your Honor, the only quarrel, if you
10  will --
11           THE COURT:  Was there a written agreement?
12           MS. LESSER:  Excuse me?
13           THE COURT:  Was there a written agreement?
14           MS. LESSER:  There was, yes.
15           THE COURT:  Okay.
16           MS. LESSER:  I have a copy of it, your Honor.
17  Would you like to see a copy of it?
18           THE COURT:  I would indeed, thank you.
19           MS. LESSER:  It's a plea agreement entered into
20  pursuant to 11(e)(1)(C).
21           With respect to the presentence report, your
22  Honor, in our August 4th letter to the Court, we set forth
23  the government's position with respect to whether or not Mr.
24  Spatola should be entitled to the additional third point for
25  acceptance.  And as noted in our letter, that was our
```

1  position at the time we entered into the plea agreement with
2  Mr. Spatola, and it continues to be our position today.  It
3  is at variance with the PSR, which recommends a two-level
4  reduction for acceptance rather than three.
5         THE COURT:  I'm prepared to abide by the agreement
6  of the parties.  Anything else you'd like to say, Mr.
7  Secular?  The question really before me is whether or not I
8  regard the sentence as agreed to by the parties as
9  appropriate under all the circumstances.
10         MR. SECULAR:  Yes, Judge.  I would of course ask
11 the Court to be able to accept the agreement reached by
12 myself and the government.  I'd also like to just reiterate
13 a couple of things.  Number one is, notwithstanding the fact
14 that Mr. Spatola had these concerns, he wants the Court to
15 be aware that at no time was Mr. Spatola trying to, how
16 should I say it, throw up road blocks to the proper
17 resolution of this case.
18         It's just been an extremely difficult situation
19 for Mr. Spatola.  I know Mr. Spatola has certainly been
20 impacted by the fact that, unfortunately, his criminal
21 history has put him in a position where the guidelines that
22 are going to be applied to him are far in excess of the
23 guideline range that he has seen other defendants, who
24 perhaps in connection with this case were even far more
25 culpable than Mr. Spatola.  However, given their criminal

1  history, they were in the position to receive a far more
2  beneficial sentence than Mr. Spatola.  That is one of the
3  things that has constantly disturbed Mr. Spatola.
4          The other thing that's been difficult for Mr.
5  Spatola is, although he has now come around and he's
6  accepted full responsibility for his conduct, is the fact
7  that he knows that this lengthy prison sentence is going to
8  remove him from contact with his family and his children for
9  quite some period of time.  His brother is also present in
10 the courtroom and Mr. Spatola is part of a very close
11 family.
12         THE COURT:  I remember them very well.  It seems
13 like twenty years ago when we had all those hearings and
14 discussions concerning detention and so forth.  They were
15 here, they were supportive.  It was apparent to me that the
16 family was very much in tact and very much concerned about
17 him and vice versa.
18         MR. SECULAR:  These things have made it very
19 difficult, perhaps even more difficult than the situation
20 facing defendants in different circumstances.
21         I think also, Judge, although the road has been
22 somewhat rocky, I think that the government, at least over
23 the past few months, has been ultimately convinced that Mr.
24 Spatola has completely come to grips with his situation in
25 this case, has completely accepted responsibility and has in

1  fact even done everything in his power to cooperate with the
2  government, even though that did not result in a fruitful
3  result.
4           But I do think the government has actually reached
5  the point where, although they believe -- certainly believe
6  the sentence he's going to -- that they've agreed to under
7  the Rule 11(e)(1)(C) plea is appropriate, they I think have
8  come to the conclusion that Mr. Spatola is deserving of some
9  compassion.  And I think that the government holds out some
10 hope for his successful rehabilitation, as a result of the
11 showing he has made over the past several months.
12          THE COURT:  He was a working man at the time of
13 this incident.  As I understand it, he was working in his
14 restaurant, trying to make a go of that, a fellow who's
15 about to turn what, 48?  No, 46.
16          THE DEFENDANT:  This month.
17          THE COURT:  This month, couple of weeks.  Mr.
18 Spatola, is there anything you'd like to say?
19          THE DEFENDANT:  Your Honor, I'm at your mercy and
20 I'm sorry for all that happened.  It wasn't my intention
21 because I already was here before.  You're not going to see
22 me ever again in this prison.  That's for sure.  Because
23 what my family is going through right now, it's too painful.
24          My wife is on public assistance, my kids are on
25 the streets, my brother just had an operation, the older

```
 1  one.  That's why he's not here.  My father just died a few
 2  years ago.
 3              THE COURT:  Enormous pain.  It's often the case
 4  that --
 5              THE DEFENDANT:  And I don't think I see any sense
 6  for me to be this long in prison -- is going to be any good
 7  result, the length of the sentence.  I could be more
 8  fruitful in society and be a father to my kids.  I think
 9  this will be a very hard lesson for me.
10              THE COURT:  It's a very hard lesson for you, a
11  lesson that you have to experience.  And as your comments
12  suggest, others --
13              THE DEFENDANT:  I'm very sorry for everything that
14  happened, you know, but it was not my -- but it wasn't in my
15  hands.
16              THE COURT:  Alright, sir.
17              Ms. Lesser, is there anything you'd like to say?
18              MS. LESSER:  No, your Honor.
19              THE COURT:  I guess by now, it's fair to say
20  you've come to know Mr. Spatola.
21              MS. LESSER:  Yes, I think that's probably fair to
22  say, your Honor.  I'll just reiterate or confirm what Mr.
23  Secular said, which is, Mr. Spatola did make efforts to
24  cooperate.  They actually extended longer than a few months.
25  They've actually -- I'd say it's more like nine or ten
```

```
 1  months that those conversations -- the period over which
 2  those conversations occurred were considerably longer,
 3  perhaps nine months.
 4          Although the information, your Honor, there wasn't
 5  much we could do with it, Mr. Spatola has been off the
 6  streets for some time and his information was old.  But we
 7  do believe that he sincerely endeavored to provide
 8  information to us which could be of use by the government.
 9          Beyond that, your Honor, we just rely upon our
10  submission and we have nothing to add.
11          MR. SECULAR:  Judge, the only other thing --
12          THE COURT:  Yes, sir.
13          MR. SECULAR:  -- I would just state for the record
14  is that in my prior correspondence, I indicated concerns
15  about the initial plea agreement, the way in which they
16  talked about recommendations concerning his parole time
17  running concurrent to any sentence that your Honor imposes.
18          I have since spoken at length on that issue with
19  the government, and Ms. Lesser has assured me that, in
20  addition to what's contained in the plea agreement, at the
21  appropriate time, the government is going to flesh out in a
22  written communication to the Parole Department the reasons
23  why the government believes that concurrent time is
24  appropriate in Mr. Spatola's case.
25          THE COURT:  I was about to say, under the
```

Case 1:94-cr-01238-RJD   Document 332   Filed 06/16/08   Page 10 of 14 PageID #: 12

10

1  circumstances, as difficult as it is for you and your
2  family, under the circumstances, considering what could have
3  happened, the resolution here is not an unreasonable one;
4  indeed, one might say a rather lenient one.
5              I note your comment that you would be more
6  productive spending less time in and getting back to the
7  important business of providing for your family.  That's
8  probably true.  At least I certainly hope it's true.  But
9  with this added concession from the government to run this
10 concurrently, or at least to urge the Parole Board to
11 consider it in that fashion -- that's beyond my jurisdiction
12 -- I have to say you've been treated, all things considered,
13 rather fairly.
14             There was a time when I had some doubts as to
15 whether or not I would buy into this deal.  There was a time
16 when I thought you were manipulative and not a suitable
17 candidate for special consideration.  I've sort of come
18 around.
19             Maybe it's the passage of time that's helped in
20 that regard and maybe it's the comments that have been made
21 here today, and my need to reflect regularly on the fact
22 that I'm not standing in your shoes, you are.  And if I
23 were, I would probably be as focused -- I hopefully would be
24 as focused and determined to do the best I could for myself
25 as you no doubt were.  So we'll call that bygones and I

1   certainly understand it.
2           That being the case, I will adopt the agreement of
3   counsel and impose the agreed-to sentence pursuant to the
4   authority of Rule 11(e)(1)(C) of the Federal Rules of
5   Criminal Procedure, that being a sentence of 151 months'
6   imprisonment, six years' supervised release, a $50 special
7   assessment.  And in light of the family circumstances, there
8   will be no fine imposed.
9           There are, I assume, some outstanding charges.
10          MS. LESSER:  There are, your Honor, and at this
11  time, the government moves to dismiss the outstanding counts
12  in the indictment charging Mr. Spatola.
13          THE COURT:  Granted.
14          MR. SECULAR:  Judge, the final thing, although I
15  know that I can only seek a recommendation from the Court.
16  But over the course of the last year or so, Mr. Spatola's
17  incarceration has even been complicated by the fact that
18  there were these separations that were restricting his
19  movement in the prison.
20          THE COURT:  Yes.
21          MR. SECULAR:  The Court probably remembers.
22          THE COURT:  Yes.
23          MR. SECULAR:  Ms. Lesser has finally succeeded in
24  having those separations lifted, although it was very
25  difficult.  And now, for the first time in literally more

```
 1  than a year, maybe even two years, Mr. Spatola is on the
 2  verge of being sent up to Otisville to be in a normal prison
 3  population.  To the extent that the Court might be able to
 4  recommend that he be able to at least now be sentenced and
 5  stay near his family, especially after being under such
 6  difficult conditions of incarceration, it would be
 7  appreciated.
 8              THE COURT:  I will do that.  I will include in the
 9  judgment -- don't get your hopes up; this is a
10  recommendation.  But I know the Bureau of Prisons tries to
11  follow the recommendation, to the extent that's based and
12  all those other considerations permit.  So I will include
13  and direct the clerk of the Court to include a specific
14  recommendation that, in light of the circumstances of this
15  case and compelling family considerations, it is the
16  recommendation of this Court that Mr. Spatola be designated
17  to FCI Otisville or, if not available, some other
18  institution in the northeast region.
19              MR. SECULAR:  Thank you, Judge.
20              THE COURT:  Okay?
21              MR. SECULAR:  Thank you.
22              MS. LESSER:  Thank you.
23              THE COURT:  Good luck.
24              THE DEFENDANT:  Thank you, your Honor.
25              THE COURT:  At least you can start to look forward
```

```
 1   now.   Good luck to you and your family.
 2              (Off the record remarks)
 3              THE COURT:   I guess.   Is it in the agreement?
 4              MS. LESSER:   I believe it is, your Honor, yes.
 5              THE COURT:   Okay.   In this case, we can dispense
 6   with it.
 7              MS. LESSER:   Yes.
 8              THE COURT:   Alright, good luck.
 9              MS. LESSER:   Thank you, your Honor.
10              * * * * * * * * * * * * *
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18     I certify that the foregoing is a correct transcript
19  from the electronic sound recording of the proceedings in
20  the above-entitled matter.
21
22
23  [signature]
24
25  ELIZABETH BARRON                         June 16, 2008
```